**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| THOMAS HARVEY | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-327 |
| | § | |
| APPLE INC. | § | |

**MEMORANDUM ORDER TRANSFERRING CASE**

Before the Court is the defendant Apple Inc.'s motion to transfer venue (Dkt. No. 26). The Court, having considered the venue motion and the arguments of counsel, hereby **GRANTS** the motion to transfer venue to the United States District Court for the Northern District of California pursuant to *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); and *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349; *In re Genentech, Inc.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315; *In re Volkswagen of Am., Inc.*, 545 F.3d 304.

On August 6, 2007, the plaintiff Thomas Harvey filed his complaint against the defendant Apple Inc. ("Apple"), accusing Apple of infringing U.S. Patent Nos. 6,753,671 ("the '671 patent") and 6,762,584 ("the '584 patent"). Apple filed its motion to transfer venue on July 7, 2009.

The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding motions to transfer venue. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349; *In re*

*Genentech, Inc.*, 566 F.3d 1338*; In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen* decision to rulings on transfer motions out of this circuit); *In re Volkswagen of Am., Inc.*, 545 F.3d 304.  Under this law, this case is appropriate for transfer.

Apple's headquarters and the vast majority of its employees and relevant physical evidence are located within the Northern District of California.  The allegedly infringing products were designed and developed almost entirely in the Northern District of California.  Aside from Apple having one retail store and selling its allegedly infringing products within the Eastern District of Texas, Mr. Harvey and Apple appear to have no other connections to this district.  Finally, Mr. Harvey lives in Michigan, and he has not shown that California is any less convenient for him than Texas.  Much like in *Genentech*, there are a substantial number of potential witnesses that reside in the transferee venue and none that reside in the Eastern District of Texas.  *See In re Genentech*, 566 F.3d at 1345 ("Because a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

Mr. Harvey argues that transfer would delay this case significantly and cause hardship to him.  The court is not persuaded by this argument.  This case has been stayed for eight months pending issuance of the reissue patent, so any additional delay caused by venue transfer would be relatively insignificant.  Furthermore, this court has not yet construed any claims or made any other substantive rulings; thus, this court has not gained any familiarity with the technology at issue.  In all, the private and public factors demonstrate that venue is clearly more convenient in the proposed transferee court, and the motion is granted.

In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order.  Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions.  The clerk is to transfer the above-titled case to the Northern District of California.

SIGNED this 8th day of October, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE